# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RICHARDSON,<br><br>                Plaintiff,<br><br>     v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 16-04604-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On June 24, 2016, Ronald Richardson ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on October 31, 2016. On October 3, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 57 year-old male who applied for Supplemental Security Income benefits on April 22, 2013, alleging disability beginning January 1, 1995. (AR 34.) Plaintiff subsequently submitted a written request on March 21, 2014, to amend the onset date from January 1, 1995, to the application filing date of April 22, 2013. (AR 34.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 22, 2013, the application date. (AR 38.)

Plaintiff's claim was denied initially on November 6, 2013. (AR 34.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Alexander Weir III on July 31, 2014, in Los Angeles, California. (AR 34.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 34.) Vocational expert ("VE") Sandra Trost also appeared and testified at the hearing. (AR 34.)

The ALJ issued an unfavorable decision on August 18, 2014. (AR 34-51.) The Appeals Council denied review on April 27, 2016. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether new and material evidence submitted to the Appeals Council warrants a remand for further proceedings.
2. Whether the ALJ properly rejected the opinion of David Hindman, Ph.D.
3. Whether Plaintiff gave a good reason for failing to attend a scheduled consultative examination.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 22, 2013, the application date. (AR 38.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: human immunodeficiency virus ("HIV") infection, asymptomatic; hepatitis C; left blind eye; left ear deaf; mood disorder, not otherwise specified; and poly-substance

4

dependence. (AR 38-40.) The ALJ also found that Plaintiff has the nonsevere impairment of Bell's palsy. (AR 38.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 40-45.)

The ALJ then found that Plaintiff had the RFC to perform medium work with the following limitations:

> Claimant can lift and carry 50 pounds occasionally and 25 pounds frequently. Claimant can stand and walk for 6 hours and sit for 6 hours, in an 8 hour day. Claimant can push and pull without significant limitation. Claimant has a mental impairment that would preclude detailed or complex tasks; simple tasks are not limited. Claimant could have occasional contact with supervisors, co-workers and the general public. Claimant is blind in the left eye, which provides reduced depth perception and no peripheral vision on the left side; and he has reduced hearing in the left ear and would not be able to hear on the left side. There are no other restrictions.

(AR 45-49.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible," which Plaintiff does not challenge here. (AR 47-49.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 49.) The ALJ, however, also found that, considering the Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform, including the jobs of warehouse worker and kitchen helper. (AR 49-50.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 51.)

///
///
///
///

**DISCUSSION**

**I.   NEW EVIDENCE SUBMITTED FOR THE FIRST TIME TO THE APPEALS COUNCIL DOES NOT WARRANT REMAND**

Plaintiff was found not disabled in a prior administrative law judge decision of April 18, 2012. (AR 34.) Although Plaintiff was found to have the medically determinable impairments of HIV infection, hepatitis C, mood disorder, and schizophrenia (AR 96), these impairments were found not to be severe and Plaintiff, therefore, not disabled through the April 18, 2012 date of decision. (AR 34, 96, 101.) The new ALJ found no basis to reopen and revise this prior determination. (AR 34.)

In this proceeding, the ALJ found that Plaintiff showed changed circumstances showing greater disability since the April 18, 2012 ALJ decision to overcome the presumption of continuing nondisability. See Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988). Plaintiff was found to have the severe impairments of HIV infection, asymptomatic; hepatitis C; left eye blind; left ear deaf; mood disorder; and polysubstance dependence. (AR 38.) Nonetheless, the ALJ assessed Plaintiff with a reduced range of medium work. (AR 45.) Having no past relevant work (AR 49), the ALJ concluded at step five of the sequential process that Plaintiff could perform alternate work in the national economy, including the jobs of warehouse worker and kitchen helper. (AR 50.)

Plaintiff claims he is unable to work because of schizophrenia, mental impairments, HIV infection, and high blood pressure (AR 46), but the ALJ found that the medical evidence disclosed that Plaintiff's impairments were well controlled with medication and asymptomatic with compliance. (AR 47.) Prison treatment records from 2012 show an undetectable HIV viral load and that Plaintiff's HIV, hepatitis, and hypertension were stable, well controlled, and asymptomatic. (AR 46.) Treating records from Hubert Humphrey Comprehensive Health Center ("HHC") for 2013 and 2014 reflect insignificant findings and chiefly normal results. (AR 46-47.) Dr. Concepcion Enriquez, a consulting internist, examined Plaintiff on October 30, 2013, and diagnosed HIV infection absent any lesions and hepatitis C absent liver stigmata. (AR 47.) She opined that Plaintiff could lift up to 50 pounds, and stand, walk, and sit each for 6

hours in an 8 hour workday. (AR 47.) On October 31, 2013, State agency medical consultant Dr. Bill F. Payne determined the record fails to establish any severe impairment; indeed, he found the record is insufficient to make any such determination. (AR 47.)

The ALJ's RFC is further supported by an adverse credibility finding which Plaintiff does not challenge. The ALJ found that Plaintiff's subjective symptom allegations were inconsistent with the objective medical evidence. (AR 47.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). The ALJ also found that Claimant's activities of daily living are inconsistent with his allegations of disability, which is a legitimate consideration in evaluating credibility. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). The record shows Plaintiff is able to change car tires, use the bus, go for bike rides, and hike. (AR 44.) The ALJ further found that Plaintiff has received but minimal conservative care with his symptoms controlled with medication. (AR 46-49.) The ALJ may consider conservative care when evaluating credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). Impairments that can be effectively controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ also found that Plaintiff had made inconsistent statements about his drug use. (AR 48.) An ALJ may consider such inconsistencies in evaluating credibility. Light v. Social Sec. Adm., 119 F.3d 789, 792 (9th Cir. 1997); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

At the July 31, 2014 hearing, the ALJ ruled that the record would remain open until August 7, 2014, for submission of additional medical evidence but none was submitted by that date. (AR 34.) Plaintiff did submit for the first time to the Appeals Council after the ALJ decision a two page check the box RFC Questionnaire from Dr. Stephen Puentes dated January 16, 2015. (AR 410-411.) Dr. Puentes diagnosed Plaintiff with extreme stabismus (double vision), symptomatic HIV, and chronic active Hepatitis C. (AR 411.) Dr. Puentes found that Plaintiff could lift up to 10 pounds only occasionally, could sit, stand and walk only 2 hours in an 8 hour work day, and had other limitations that precluded all but part-time work. (AR

7

410.) Dr. Puentes further opined that the limitations he assessed relate back to July 19, 2010. (AR 411.)

The Appeals Council found that Dr. Puentes' RFC assessment "does not provide a basis for changing the Administrative Law Judge's decision." (AR 2.) The Appeals Council also found that Dr. Puentes' assessment is about a later time and does not affect the decision whether Plaintiff was disabled before August 18, 2014.

This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Brewes, 682 F.3d at 1161-63. The Ninth Circuit in Brewes specifically cited and relied on 20 C.F.R. § 404.970(b), which provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Id. at 1162. The new evidence must be treated as part of the administrative record. Id.

Nothing in the record through the date of the August 18, 2014 ALJ decision suggests that Plaintiff had the sort of limitations found by Dr. Puentes. Dr. Puentes provides no factual basis whatsoever for attributing his January 2015 opinions to that earlier time period. An ALJ may reject a treating physician's opinion that does not have supportive evidence, is contradicted by other assessments, is unsupported by the record as a whole, and is unsupported by or inconsistent with his or her treatment notes. Batson v. Comm'r, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004). Indeed, even if Dr. Puentes' opinion were considered, it

conflicts with the opinions and assessments of Dr. Enriquez, Dr. Payne, HHC physicians, and prison medical personnel and treatment records as described above. The contradictory opinions of other physicians provide a specific legitimate reason for rejecting a physician's opinion. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Puentes' opinions also are inconsistent with Plaintiff's activities of daily living. An ALJ may reject a physician's opinion that is contradicted by a claimant's observed or admitted abilities or other evidence that indicates that his or her symptoms are not as severe as alleged. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff's argument that the ALJ did not consider Dr. Puentes' opinion is of no consequence. The Court under Brewes considers that opinion in determining whether the ALJ's decision is supported by substantial evidence. Were it otherwise, a claimant could wait until after the ALJ decision to submit new evidence and obtain a remand automatically. There is no basis for remand. The ALJ's decision is supported by substantial evidence.

## II. THE ALJ PROPERLY REJECTED THE OPINION OF DR. HINDMAN

Plaintiff contends that the ALJ improperly rejected Dr. Hindman's assessment of Plaintiff's mental impairments. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but is an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In

general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

The ALJ rejected the opinions of Dr. David Hindman, Ph.D., for specific, legitimate reasons supported by substantial evidence. The primary reason that the ALJ rejected

Dr. Hindman's opinions that Plaintiff has serious mental limitations is because those opinions are unsupported or contradicted by his treating notes which indicate mental impairments that result in some mild to moderate functional limitations. (AR 43.) As already noted, an ALJ may reject a physician's opinion if it is contradicted by or unsupported by his or her treatment notes, Batson, 359 F.3d at 1195 and n.3, or inadequately supported by clinical findings. Bray v. Comm'r, 554 F.3d 1219, 1228 (9th Cir. 2009); Thomas, 278 F.3d at 957.

Here, Dr. David Hindman diagnosed Plaintiff with schizophrenia and a relational problem, but underlying treatment notes indicate mood disorder. (AR 42-43.) Dr. Hindman noted a prison diagnosis of schizophrenia (AR 391), but there is nothing in the medical records to indicate Plaintiff suffered from symptoms of schizophrenia during the relevant time period. Dr. Hindman stated Plaintiff had one to two episodes of decompensation lasting at least two weeks. (AR 387.) Yet there is no evidence in the record that Plaintiff has had any episodes of decompensation. Dr. Hindman found Plaintiff had no limits in getting along with co-workers and peers and in maintaining socially appropriate behavior and limited but satisfactory interaction with the general public. (AR 386.) In a contradictory finding, Dr. Hindman indicated Plaintiff had moderate difficulties in social functioning. (AR 387) Dr. Hindman found serious limitation in performing simple tasks but zero to mild limitation in daily activities. (AR 43.)

Other evidence supports the ALJ decision. In October 2013, State agency reviewer Dr. Bill Payne determined that the record fails to establish the existence of any severe mental impairment. (AR 43-44, 47-48.) Plaintiff himself reported that medication "helps" and allows him to stay "calm and think." (AR 43.) Impairments controlled by medication are not disabling. Warre, 439 F.3d at 1006. The Court already has noted Plaintiff's daily activities that are inconsistent with disability. Bunnell, 947 F.2d at 345-46. An ALJ may reject a physician's opinion that is contradicted by Plaintiff's observed or admitted abilities or other evidence that indicates his symptoms are not as severe as alleged. Bayliss, 427 F.3d at 1216. Dr. Hindman's opinion also is undermined by the ALJ's unchallenged adverse credibility finding. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (treating physician's opinion based on subjective complaints whose credibility has been discounted can be properly disregarded).

Plaintiff disagrees with the ALJ's interpretation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ rejected Dr. Hindman's opinions for specific, legitimate reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## III. FAILING TO ATTEND SCHEDULED CONSULTING EXAMINATION AS AN ALTERNATE BASIS FOR FINDING NONDISABILITY

The ALJ has offered an independent, alternative basis to find Plaintiff not disabled. The ALJ found that Claimant failed to provide any explanation why he failed to be present to the consulting psychiatric examination. (AR 40, 80-82.) The Commissioner may find a claimant not disabled for failing to attend a consultative examination without good reason. 20 C.F.R. § 416.918(a).

The ALJ repeatedly asked Plaintiff at the hearing why he did not attend the scheduled consulting examination but Plaintiff failed to provide any reason for not attending. (AR 80-82.) Plaintiff suggests he did not understand the ALJ's questions because of his alleged mental impairments but the ALJ specifically found that Plaintiff's presentation at the hearing "was that of an attentive witness who did not appear to have noticeable deficits." (AR 48.) The ALJ, moreover, found Plaintiff's testimony was not credible, a finding Plaintiff does not challenge. (AR 41.)

Again, it is the ALJ's responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

In any event, even if the ALJ's finding was in error, the error was harmless because of the alternate finding that Plaintiff was not disabled due to his ability to perform work in the

national economy. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 29, 2018

　　　　　　　　　　　　　　　　　　　/s/ John E. McDermott
　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE